IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM TITUS JONES, *<br>      Petitioner | |
|                                                                                                                                                                         * | |
|       v. | CIVIL ACTION NO.  RWT-05-777 |
|                                                               * | |
| STEPHEN DEWALT, | |
|       Respondent               * | |

******

**MEMORANDUM OPINION**

Petitioner filed this Petition for Writ of Mandamus on March 18, 2005, seeking to compel the Federal Bureau of Prisons to recommend that he serve the final six months of his sentence in a community corrections center.  (Paper No. 1).   Respondent has filed a dispositive motion. (Paper No. 4). Petitioner has not filed a. response.[1] No hearing is needed to resolve the question as to whether Petitioner is entitled to the relief requested. See Local Rule 105.6 (D. Md.).

Under 28 U.S.C. § 1361, this court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to Petitioner.   In order to meet the requirements for mandamus relief, Petitioner must show: that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.   See National Association of Government Employees v. Federal Labor Relations Authority, 830 F. Supp. 889, 898

---

[1]Pursuant to the dictates of Roseboro v. Garrison**,** 528 F.2d 309, 310 (4th Cir. 1975), on June 1, 2005, Petitioner was notified that Respondent had filed a dispositive motion, the granting of which could result in the dismissal of his action.  (Paper No. 5). Petitioner was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court.  (Id.).

(E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[2]  See Shoshone-Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995); Total Care, Inc. v. Sullivan, 1991 U.S. App. Lexis 29804 (4th Cir. December 23, 1991) (unpublished); Plato v. Roudebush, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). The undersigned concludes that Petitioner has failed to meet the above-established criteria.

Petitioner, a federal inmate incarcerated at the Federal Prison Camp of FCI Cumberland, Maryland, is scheduled for statutory release on October 5, 2005.[3] (Paper No. 4, Ex. A). Petitioner's unit team recommended that he be placed in a Community Corrections Center ("CCC") for one hundred eighty (180) days prior to release. (Id., Ex. 2, Attachment B).

BOP policy provides that when an inmate is transferred to a CCC a thirty day supply of chronic medication shall be provided. (Id., Attachment C). Accordingly, the Northeast Regional Community Corrections Manager (CCM) informed the unit team that because Petitioner required multiple medications assurances were required that Petitioner would be able to afford his medical care and prescriptions during the recommended one hundred eighty day stay at the CCC. (Id.) Petitioner was unable to demonstrate an ability to pay for his medication. Based on this fact, the Northeast Regional CCM granted Petitioner a thirty day placement in a CCC. (Id.) On April 22, 2005, FCI Cumberland approved an additional sixty(60) day supply of medication for Petitioner during his CCC confinement. (Id., Ex. 2). Petitioner's CCC placement has been amended to ninety

---

[2] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. Neal v. Regan, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

[3] The expiration of his full term is May 19, 2007. (Paper No. 4, Ex. A).

(90) days. (Id.)

Petitioner claims that "BOP policy section 7310.04 of the Program Statement and 18 U.S.C. § 3624(c)...entitles a prisoner to serve the remaining 10% of his sentence not to exceed 6 months in a community corrections center." (Paper No. 1). Petitioner contends that by granting him only thirty days in the CCC,[4] the BOP has failed to comply with its own policy and 18 U.S.C. § 3624(c).

The BOP has been granted the exclusive authority to designate the place of confinement of a federal prisoner. See 18 U.S.C. § 3621. Title 18 U.S.C. § 3624(c) allows the BOP to place inmates, "to the extent practicable" in a CCC for a "reasonable part" of the inmates sentence " not to exceed six months...." This statute is not mandatory: rather, it is discretionary. See Lyle v. Sivley, 805 F. Supp. 755 (D. Ariz. 1992); Fagiolo v. Smith, 326 F.Supp 2d 589, 592 (M.D. PA 2004) (prisoner is entitled to be considered for CCC confinement, but is not entitled to placement in a CCC under 18 U.S.C. § 3624(c)). Additionally, "the statute does not state any minimum amount of time that has to be given an inmate to live in the community prior to his release, but merely states that it cannot be more than six months." Giannolla v. BOP, 2002 WL 32714319 (E.D.N.C. Aug. 16, 2002).

In light of the foregoing, Petitioner has failed to demonstrate that he has a "clear and undisputable" right to placement in a CCC for longer than the period granted by the Northeast Regional CCM. Accordingly, Petitioner is not entitled to mandamus relief. A separate Order shall be entered reflecting the Opinion set forth herein.

July 28, 2005                               /s/
 Date                                    Roger W. Titus
                                         United States District Judge

---

[4] Subsequently amended to ninety days.